

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| RICARDO ROCHA,<br><br>              Plaintiff,<br><br>       v.<br><br>ORRY MARCIANO, <u>et</u> <u>al.</u>,<br><br>              Defendants. | No. ED CV 16-1802-AB (PLA)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

On August 22, 2016, plaintiff, a California state prisoner presently held at Chuckawalla Valley State Prison ("CVSP"), in Blythe, California, filed a *pro se* civil rights action herein pursuant to 42 U.S.C. § 1983.  Plaintiff subsequently was granted leave to proceed without prepayment of the full filing fee.  In his Complaint, it appeared that plaintiff was purporting to raise one claim alleging constitutionally inadequate medical care.  Plaintiff named as defendants Orry Marciano, a physician's assistant at CVSP, and Dr. Santiago, an eye doctor at an outside clinic.  Both defendants were named in their official capacities only.  (ECF No. 1 at 3).  Plaintiff appeared to be seeking only an investigation.  (*Id.* at 6).

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court screened the Complaint prior to ordering service for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks

1    monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915A,

2    1915(e)(2); 42 U.S.C. § 1997e.

3          After careful review of the Complaint, the Court found that plaintiff's allegations appeared

4    insufficient to state a claim against any named defendant.  Accordingly, the Complaint was

5    dismissed with leave to amend.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding

6    that a *pro se* litigant must be given leave to amend his complaint unless it is absolutely clear that

7    the deficiencies of the complaint cannot be cured by amendment).  Plaintiff was ordered, if he

8    desired to pursue this action, to file a First Amended Complaint no later than December 30, 2016,

9    remedying the deficiencies discussed in the Court's Order.  Further, plaintiff was admonished that,

10   if he failed to timely file a First Amended Complaint or failed to remedy the deficiencies of his

11   pleading as discussed therein, then the Court would recommend that the action be dismissed with

12   prejudice.

13         On December 23, 2016, plaintiff filed a First Amended Complaint ("FAC").  The FAC names

14   as defendants Orry Marciano, a physician's assistant at CVSP; Dr. Santiago, an eye doctor with

15   an outside clinic; LVN Beatres, at CVSP; a "doe" doctor at the Riverside Hospital; and the Warden

16   of CVSP.  Plaintiff names all defendants except the Warden in both their individual and official

17   capacities.  (ECF No. 10 at 3-4).  Plaintiff purports to raise one claim arising from inadequate

18   medical treatment and plaintiff's "disability."  (*Id.* at 5).  The FAC appears to be seeking an

19   investigation.  (*Id.* at 6).  The Court has once again screened the FAC prior to ordering service.

20         The Court's screening of the pleading under the foregoing statutes is governed by the

21   following standards.  A complaint may be dismissed as a matter of law for failure to state a claim

22   for two reasons:  (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable

23   legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Rosati

24   v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (in determining whether a complaint should be

25   dismissed under the PLRA, courts apply the standard of Fed. R. Civ. P. 12(b)(6)).  Further, with

26   respect to a plaintiff's pleading burden, the Supreme Court has held that: "a plaintiff's obligation

27   to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

28

2

1    and a formulaic recitation of the elements of a cause of action will not do. … Factual allegations

2    must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v.

3    Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal

4    citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937,

5    1949, 173 L. Ed. 2d 868 (2009) (To avoid dismissal for failure to state a claim, "a complaint must

6    contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

7    face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court

8    to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal

9    citation omitted)); Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008) ("To survive

10   a motion to dismiss for failure to state a claim, the plaintiff must allege 'enough facts to state a

11   claim to relief that is plausible on its face.'" (citing Twombly, 550 U.S. at 570)).  Since plaintiff is

12   appearing pro se, the Court must construe the allegations of the pleading liberally and must afford

13   plaintiff the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621,

14   623 (9th Cir. 1988).  Finally, in determining whether a complaint states a claim on which relief may

15   be granted, allegations of material fact are taken as true and construed in the light most favorable

16   to plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, the "tenet that

17   a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

18   conclusions."  Iqbal, 556 U.S. at 678.

19          After careful review of the FAC, the Court finds that plaintiff's allegations once again appear

20   insufficient to state a claim against any named defendant.  Accordingly, the FAC is dismissed with

21   leave to amend.  **If plaintiff desires to pursue this action, he is ORDERED to file a Second**

22   **Amended Complaint no later than March 17, 2017, remedying the deficiencies discussed**

23   **below.  Further, plaintiff is admonished that if he fails to timely file a Second Amended**

24   **Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the**

25   **Court will recommend that the action be dismissed with prejudice.[1]**

26   _____

27          [1]   Plaintiff is advised that this Court's determination herein that the allegations in the First
     Amended Complaint are insufficient to state a particular claim should not be seen as *dispositive*
28   of that claim.  Accordingly, while this Court believes that you have failed to plead sufficient factual

1

## DISCUSSION

2     **A.     PLAINTIFF'S FAC FAILS TO SET FORTH A SHORT AND PLAIN STATEMENT IN
      COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 8.**

3

4          Plaintiff's FAC still fails to comply with Federal Rule of Civil Procedure 8(a) and 8(d).  Fed.

5     R. Civ. P. 8(a) states:

6               A pleading that states a claim for relief must contain:  (1) a short and
                plain statement of the grounds for the court's jurisdiction, unless the
7               court already has jurisdiction and the claim needs no new jurisdictional
                support; (2) **a short and plain statement of the claim showing that
8               the pleader is entitled to relief**; and (3) a demand for the relief
                sought, which may include relief in the alternative or different types of
9               relief.

10    (Emphasis added).   Rule 8(d)(1) provides:  "Each allegation **must be simple, concise, and**

11    **direct**.  No technical form is required."  (Emphasis added).  Although the Court must construe a

12    *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal

13    basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims

14    are and the grounds upon which they rest.  See, e.g., Brazil v. United States Department of the

15    Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)

16    (complaint must give defendants fair notice of the claims against them).  If a plaintiff fails to clearly

17    and concisely set forth allegations sufficient to provide defendants with notice of which defendant

18    is being sued on which theory and what relief is being sought against them, the complaint fails to

19    comply with Rule 8.  See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996); Nevijel

20    v. Northcoast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981).  Moreover, failure to comply with

21    Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims

22    in a complaint are not found to be wholly without merit.  See McHenry, 84 F.3d at 1179; Nevijel,

23    651 F.2d at 673.

24    _____

25    matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you
      are not required to omit any claim or defendant in order to pursue this action.  However, if you
26    decide to pursue a claim in a Second Amended Complaint that this Court has found to be
      insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit
27    to the assigned district judge a recommendation that such claim be dismissed with prejudice for
      failure to state a claim, subject to your right at that time to file Objections with the district judge as
28    provided in the Local Rules Governing Duties of Magistrate Judges.

First, the cover page of the FAC names only Marciano as a defendant, but the body of the FAC lists several other defendants.  Plaintiff once again is admonished that, irrespective of his *pro se* status, he must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.  See, e.g., Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); L.R. 1-3.  Pursuant to Fed. R. Civ. P. 10, the caption of the pleading must include all defendants listed in the body of the pleading.

Additionally, plaintiff names most of the defendants in their official capacities.  (ECF No. 10 at 3-4).  It appears that defendants Marciano, Beatres, and the Warden are employees of the California Department of Corrections and Rehabilitation ("CDCR"), which is a state agency.  In Will v. Michigan Department of State Police, 491 U.S. 58, 64-66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983.  In addition, the Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it.  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).  To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must be "unequivocally expressed."  Pennhurst, 465 U.S. at 99.  While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court.  See BV Engineering v. Univ. of California, 858 F.2d 1394, 1396 (9th Cir. 1988); see also Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985) (holding that Art. III, § 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity).  Finally, Congress has not repealed State sovereign immunity against suits under 42 U.S.C. § 1983.  Plaintiff's FAC does not appear to be seeking monetary damages, but, to the extent that he wishes to seek monetary damages arising from any alleged civil rights violation from defendants Marciano, Beatres, or the Warden, plaintiff may not maintain such claims against these defendants in their official capacities.

Further, to the extent that plaintiff wishes to seek monetary damages from defendant Dr. Santiago, or the "doe" doctor, these defendants appear to be employed by outside medical facilities.  However, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).  Such a suit "is *not* a suit against the official personally, for the real party in interest is the entity."  Graham, 473 U.S. at 166 (emphasis in original).  Accordingly, plaintiff's claims against the outside doctors in their official capacities are the same as a claim against their employers.  To the extent that plaintiff may be purporting to state a claim against an outside medical facility pursuant to Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), the Supreme Court in Monell held that a local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Monell, 436 U.S. at 694; see also Connick v. Thompson, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) ("local governments are responsible only for their own illegal acts").  Here, plaintiff fails to set forth any allegations that any specific policy or custom of an outside medical facility was the "actionable cause" of a specific constitutional violation.  See Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under Monell, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation.").  In addition, liability against a local government entity may not be premised on an isolated or sporadic incident.  See, e.g., Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); Thompson v. Los Angeles, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), overruled on other grounds, Bull v. City & County of San Francisco, 595 F.3d 964, 981 (9th Cir. 2010) (en

1    banc).  Here, plaintiff does not set forth factual allegations concerning any practice or custom that

2    he alleges was a "traditional method of carrying out policy."

3         In addition, to the extent that plaintiff is purporting to raise a federal civil rights claim against

4    defendant Marciano for "negligence in prescribing drugs"; against LVN Beatres for "telling [him]

5    to stop complaining"; or against any defendant for treating him with "disrespect" (ECF No. 10 at

6    3, 5-6), such allegations simply fail to allege that a specific defendant deprived plaintiff of a specific

7    right guaranteed under the Constitution or a federal statute.  See West v. Atkins, 487 U.S. 42, 48,

8    108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); Karim-Panahi, 839 F.2d at 624.  "A person deprives

9    another 'of a constitutional right, within the meaning of § 1983, if he does an affirmative act,

10   participates in another's affirmative acts, or omits to perform an act which he is legally required

11   to do that *causes* the deprivation of which [the plaintiff complains].'"  Leer v. Murphy, 844 F.2d

12   628, 633 (9th Cir. 1988), quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis

13   in original).  General allegations that defendants acted negligently, failed to offer encouragement,

14   or disrespected plaintiff are insufficient to allege that a defendant took an affirmative act,

15   participated in another's affirmative act, or omitted to perform an act that he was legally required

16   to do that allegedly *caused a constitutional deprivation*.

17        In addition, the FAC names the Warden of CVSP as a defendant, but plaintiff does not set

18   forth any factual allegations against the Warden.  Supervisory personnel are not liable under

19   Section 1983 on a theory of respondeat superior.  See, e.g., Redman v. County of San Diego, 942

20   F.2d 1435, 1446 (9th Cir. 1991) (en banc).  In Iqbal, 556 U.S. at 676, the Supreme Court

21   reaffirmed that: "Government officials may not be held liable for the unconstitutional conduct of

22   their subordinates under a theory of respondeat superior."  The Ninth Circuit subsequently has

23   concluded that, at least in cases where the applicable standard is deliberate indifference (such as

24   for an Eighth Amendment claim), Iqbal does not foreclose a plaintiff from stating a claim for

25   supervisory liability based upon the "supervisor's knowledge of and acquiescence in

26   unconstitutional conduct by his or her subordinates."  Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir.

27   2011).  Here, plaintiff's FAC does not set forth any factual allegations that the Warden knew of,

28   and failed to take any action in response to, any unconstitutional conduct of any subordinate.

1        Further, within plaintiff's single "claim," he raises allegations concerning "discrimination of

2  [his] disability," delays in providing medical care, failure to enter into the "system" the information

3  that plaintiff is "totally blind" in one eye, prescribing medication for "TB" when plaintiff did not have

4  "TB," problems with outside surgeries on his eye, and a denial of "equal protection."  (ECF No. 10

5  at 5-6).  To the extent that plaintiff may be purporting to allege a claim pursuant to the Equal

6  Protection Clause of the Fourteenth Amendment, plaintiff must allege that a specific defendant

7  intentionally treated him differently than other similarly situated individuals with a purpose to

8  discriminate against him based on his membership in a protected class.  See Washington v. Davis,

9  426 U.S. 229, 239-42, 96 S. Ct. 2040, 48 L. Ed. 2d 597 (1976); Freeman v. Arpaio, 125 F.3d 732,

10  737 (9th Cir. 1997) (to state an equal protection claim, "a plaintiff in a section 1983 claim must

11  show that officials intentionally acted in a discriminatory manner").  Plaintiff's FAC fails to set forth

12  a short and plain statement of any claim pursuant to the Equal Protection Clause.

13        Accordingly, it is not clear to the Court how many federal civil rights claims plaintiff is

14  purporting to raise or what the legal or factual basis may be for each of plaintiff's federal civil rights

15  claims against each defendant.  The Court is mindful that, because plaintiff is appearing *pro se*,

16  the Court must construe the allegations of the FAC liberally and must afford plaintiff the benefit

17  of any doubt.  See Karim-Panahi, 839 F.2d at 623.  Additionally, it is particularly important in a civil

18  rights case filed by a *pro se* inmate to attempt to ascertain plaintiff's claims to protect his access

19  to the courts.  See Pouncil v. Tilton, 704 F.3d 568, 575-76 (9th Cir. 2012) (the rule of liberal

20  construction "protects the rights of *pro se* litigants to self-representation and meaningful access

21  to the courts"); Alvarez v. Hill, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a prisoner was

22  proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in

23  ascertaining what claims he 'raised in his complaint'") (alteration in original).  Further, the Court

24  may not dismiss a claim because a *pro se* plaintiff has failed to set forth a complete legal theory

25  supporting the claim alleged.  See Johnson v. City of Shelby, 135 S. Ct. 346, 346, 190 L. Ed. 2d

26  309 (2014) (*per curiam*) (noting that the Fed. Rules of Civ. Proc. "do not countenance dismissal

27  of a complaint for imperfect statement of the legal theory supporting the claim asserted").  That

28  said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or

1    paralegal to *pro se* litigants." <u>Pliler v. Ford</u>, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338

2    (2004); <u>see also</u> <u>Noll</u>, 809 F.2d at 1448 ("courts should not have to serve as advocates for *pro se*

3    litigants").

4         Although plaintiff need not set forth detailed factual allegations, he must plead "factual

5    content that allows the court to draw the reasonable inference that the defendant is liable for the

6    misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555-56).  A pleading

7    that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient.  *Id.*

8    (alteration in original, internal quotation marks omitted).  In its present format, it would be difficult

9    for each defendant to discern what specific facts or legal theories apply to which potential claims,

10   and, as a result, it would be extremely difficult to formulate applicable defenses.

11        Therefore, the Court finds that plaintiff's FAC still fails to comply with Rule 8.

12

13   **B.    PLAINTIFF'S ALLEGATIONS ARE INSUFFICIENT TO STATE A CLAIM FOR**

14   **INADEQUATE MEDICAL CARE PURSUANT TO THE EIGHTH AMENDMENT.**

15        The Eighth Amendment's proscription against cruel and unusual punishment also

16   encompasses the government's obligation to provide adequate medical care to those whom it is

17   punishing by incarceration.  <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 103, 97 S. Ct. 285, 50 L. Ed 2d

18   251 (1976).  In order to establish a claim under the Eighth Amendment for inadequate medical

19   care, a prisoner must show that a specific defendant was deliberately indifferent to his serious

20   medical needs.  <u>See</u> <u>Helling v. McKinney</u>, 509 U.S. 25, 32, 113 S. Ct. 2475, 125 L. Ed. 2d 22

21   (1993); <u>Estelle</u>, 429 U.S. at 106.  "This includes both an objective standard -- that the deprivation

22   was serious enough to constitute cruel and unusual punishment -- and a subjective standard --

23   deliberate indifference."  <u>Colwell v. Bannister</u>, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal

24   quotation marks omitted).

25        First, to meet the objective element of a deliberate indifference claim, "a prisoner must

26   demonstrate the existence of a serious medical need."  <u>Colwell</u>, 763 F.3d at 1066.  "A medical

27   need is serious if failure to treat it will result in significant injury or the 'unnecessary and wanton

28   infliction of pain.'"  <u>Peralta v. Dillard</u>, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc), <u>cert.</u> <u>denied</u>,

1    135 S. Ct. 946 (2015) (internal quotation marks omitted).

2        Second, to meet the subjective element, a prisoner must "demonstrate that the prison
3 official acted with deliberate indifference." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004).
4 Deliberate indifference may be manifest by the intentional denial, delay or interference with a
5 plaintiff's medical care. <u>See</u> <u>Estelle</u>, 429 U.S. at 104-05.  The prison official, however, "must not
6 only 'be aware of facts from which the inference could be drawn that a substantial risk of serious
7 harm exists,' but that person 'must also draw the inference.'" <u>Toguchi</u>, 391 F.3d at 1057 (quoting
8 <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)).  Thus, an
9 inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care
10 (without more), or a difference of opinion over proper medical treatment, are all insufficient to
11 constitute an Eighth Amendment violation. <u>See</u> <u>Estelle</u>, 429 U.S. at 105-07; <u>Toguchi</u>, 391 F.3d
12 at 1059-60; <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989); <u>Shapley v. Nevada Bd. of State</u>
13 <u>Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985).  Moreover, the Eighth Amendment does not
14 require optimal medical care or even medical care that comports with the community standard of
15 medical care.  "[A] complaint that a physician has been negligent in diagnosing or treating a
16 medical condition does not state a valid claim of medical mistreatment under the Eighth
17 Amendment.  Medical malpractice does not become a constitutional violation merely because the
18 victim is a prisoner." <u>Estelle</u>, 429 U.S. at 106.  Accordingly, even "gross negligence" is insufficient
19 to establish deliberate indifference. <u>See</u> <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir.
20 1990).

21        Here, construing plaintiff's factual allegations liberally and affording plaintiff the benefit of
22 any doubt, it remains unclear to the Court what the factual basis may be for any Eighth
23 Amendment claim or claims that plaintiff intends to raise.  Initially, plaintiff does not set forth any
24 factual allegations showing that, at the relevant time, he suffered from an objectively serious
25 medical condition.

26        Further, plaintiff appears to allege that defendant Marciano prescribed eye drops that made
27 plaintiff's eye "worse" and denied plaintiff a vision test.  (ECF No. 10 at 5).  To the extent that
28 plaintiff is alleging that defendant Marciano's choice of treatment for plaintiff's eyes was

inappropriate, an inmate's difference of opinion about what would have constituted the best course of treatment for his medical condition is insufficient to show that a defendant acted with deliberate indifference.  See, e.g., Cano v. Taylor, 739 F.3d 1214, 1217 (9th Cir 2014) (prisoner's difference of opinion as to his medical treatment "is not actionable"); Toguchi, 391 F.3d at 1059-60.  Rather, "to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'"  Toguchi, 391 F.3d at 1058 (alteration in original, citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)).  Here, plaintiff does not purport to allege that any course of treatment was medically unacceptable.  Moreover, to the extent that plaintiff may be alleging that any defendant was negligent in prescribing medication (ECF No. 10 at 3, 6), he cannot state a federal civil rights claim based on mere medical malpractice.  The Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care.  See Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir 1995) ("a constitutional violation is not established by negligence").

In addition, to the extent that plaintiff is purporting to allege an Eighth Amendment claim against Dr. Santiago or the "doe" doctor, plaintiff fails to set forth any factual allegations as to what actions each doctor took or failed to take on which dates that plaintiff alleges constituted deliberate indifference to plaintiff's serious medical needs.  Plaintiff alleges that Dr. Santiago performed surgery on plaintiff's right eye that resulted in total blindness, but plaintiff does not set forth any factual allegations regarding this surgery.  (ECF No. 10 at 3, 5).  Similarly, plaintiff alleges that another "doctor in Riverside" "did my left eye but also not good [sic.]."  (Id. at 5).  Plaintiff does not allege any details about what surgery was performed for what reason at what time.  The factual allegations in the FAC fail to raise a reasonable inference that any doctor was subjectively aware of any facts from which the inference could have been drawn that a substantial risk of serious harm to plaintiff existed with the treatment provided.  In addition, as discussed above, to the extent that plaintiff is alleging that a choice of treatment by either of these doctors was inappropriate, plaintiff fails to set forth any factual allegations that the chosen course of treatment was medically

1  unacceptable under the circumstances.

2  Accordingly, the factual allegations in the FAC, even when accepted as true and construed

3  in the light most favorable to plaintiff, are insufficient to nudge any claim pursuant to the Eighth

4  Amendment "across the line from conceivable to plausible."  Twombly, 550 U.S. at 570.

5  ************

6  **If plaintiff desires to pursue this action, he must file a Second Amended Complaint**

7  **no later than March 17 , 2017**; The Second Amended Complaint must bear the docket number

8  assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself

9  without reference to the original Complaint, or any other pleading, attachment or document.

10  Further, if plaintiff chooses to proceed with this action, plaintiff must use the blank Central

11  District civil rights complaint form accompanying this order, must sign and date the form, **must**

12  **completely and accurately fill out the form**, and must use the space provided in the form to set

13  forth all of the claims that he wishes to assert in a Second Amended Complaint.

14  The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint

15  form.

16  **Further, plaintiff is admonished that, if he fails to timely file a Second Amended**

17  **Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the**

18  **Court will recommend that the action be dismissed with prejudice.**

19  **IT IS SO ORDERED**.

20

21  DATED: February 17, 2017

22  _____
    PAUL L. ABRAMS
    UNITED STATES MAGISTRATE JUDGE